IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EMMANUEL S. YANGA, | ) | |
| | ) | |
| Petitioner, | ) | 8:18CV89 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF NEBRASKA, DIR. | ) | MEMORANDUM AND ORDER |
| SCOTT FRAKES, and MADSEN, | ) | |
| Warden, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner has filed an amended petition seeking a writ of habeas corpus (filing no. 4). I now deny the petition and dismiss it with prejudice. No certificate of appealability will be issued. My reasons for doing so are set forth below.

### *The Claims*

Condensed and summarized for clarity, the claims asserted by Petitioner regarding the state misdemeanor case in the County Court of Lancaster County, Nebraska (county court # CR 14 0017008, appeal to district court # CR-15-552 and appeal to the Nebraska Court of Appeals # A-17-728) are set forth below:

**Claim One:** Both trial counsel and appellate counsel [who were different] provided ineffective assistance of counsel under the Sixth Amendment.

**Claim Two:** The prosecutor engaged in prosecutorial misconduct in violation of the Due Process Clause.

**Claim Three:** The trial court abused its discretion in violation of the Due Process Clause.

**Claim Four:** The Petitioner was denied Due Process of Law, Equal Protection of the Law, and the Fifth Amendment right to remain silent and to be free from double jeopardy by the trial court.

As I noted at the time of initial review (filing no. 5 at CM/ECF p. 2 n.1):

Petitioner's amended petition . . . is the one and only operative petition and all prior petitions are dismissed without prejudice. The amended petition is vague. I am sorry that I cannot focus this case any better, but counsel for the Respondent should respond as best counsel can to the "supporting facts" portion of each claim. To the extent that Petitioner raises other claims beyond the four set forth above, I deny them because they fail to state cognizable federal claims.[1]

### *Background*

Respondents have filed an answer (filing no. 7), the state court records (filing no. 6), and a brief (filing no. 8). Petitioner has filed a response and brief (filing no. 9; filing no. 10) as well. Mostly, Respondents argue that the claims have been procedurally defaulted without excuse. Petitioner's response and brief makes no (or at least very little) effort to address the procedural default issue.

### *Procedural History*

1.  After a bench trial, Yanga was convicted of misdemeanor domestic assault. At the trial, Petitioner was represented by Abby Romshek and Todd Molvar.

2.  On March 9, 2015, he was sentenced to 60 days jail to run consecutive to any other sentence.[2] (Filing no. 6-6 at CM/ECF p. 16.)

---

[1] I ordered Petitioner to file an amended petition because the first one was "far too vague" and the "four claims asserted fail to state the specific facts in an understandable fashion." (Filing no. 3.) Unfortunately, the amended petition was no better.

[2] Petitioner is in prison. He is serving time for a separate felony conviction in the district court. The felony conviction occurred on March 4, 2015. I presume that

3. Yanga appealed to the district court, but did not file a statement of errors, so his conviction was reviewed for plain error, and none were found. As a result, the district court affirmed his conviction and sentence. (Filing no. 6-6 at CM/ECF pp. 40-47.) Douglas Kerns represented Petitioner.

4. On direct appeal to the Nebraska Court of Appeals, Yanga assigned as error that the district court erred in (1) not finding that the county court erred and abused its discretion and deprived Yanga of his right to testify by overruling his motion to withdraw his rest; (2) not finding counsel was ineffective for not requesting a separate hearing to determine whether the statements made by Yanga to the police were admissible; (3) not finding that counsel was ineffective for not requesting a presentence investigation; (4) not finding that the county court erred in denying Yanga's motion to dismiss; (5) not finding that the cumulative effect of errors made by the county court and/or ineffective assistance of counsel amount to a violation of Yanga's right to a fair trial; (6) not finding that the county court erred and abused its discretion in finding him guilty when such finding was not supported by the evidence; and (7) not finding that the county court imposed an excessive sentence. Once again, Douglas Kerns represented Petitioner.

5. Yanga's conviction was affirmed on direct appeal by the Nebraska Court of Appeals in a Memorandum Opinion filed May 13, 2016. (Filing no. 6-2.) The Court of Appeals ruled that most of the seven assignments of error save for two were defaulted because Yanga failed to provide the district court (then serving as an

---

the 60-day sentence in this case, imposed on March 9, 2015, must be served after the felony sentence since the county judge made his sentence consecutive to any other sentence and the county judge was aware of the felony conviction that had not yet resulted in the imposition of sentence. The felony conviction–involving the same victim in this case–is the subject of a separate habeas petition (18CV3009). The two cases required separate petitions because there were separate judgments from separate courts–one from the county court (this case) and one from the district court. *See* Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts.

appellate court reviewing the county court's rulings) with a timely statement of errors. Regarding the two claims that escaped the foregoing default, the court considered and rejected the argument that the county court erred by failing to allow Yanga to withdraw his rest so that he might change his mind and testify. As for the claim that trial counsel was ineffective because counsel allegedly failed to seek suppression of statements that Yanga made to the police, the Court of Appeals found that this alleged error was defaulted for the separate and additional reason that Yanga had not briefed and argued that matter to the Court of Appeals despite having assigned it as error. Yanga's petition for further review was denied by the Nebraska Supreme Court on July 13, 2016. (Filing no. 6-1 at CM/ECF p. 2.) The petition was limited to one issue. (Filing no. 6-3.) That issue was that the county judge had abused his discretion in refusing to allow Petitioner to withdraw his rest and the Court of Appeals erred by not so holding.

6. On September 19, 2016, Yanga filed a pro se post-conviction action, alleging essentially the same issues as were raised in his direct appeal. (Filing no. 6-15.)

7. The district court denied an evidentiary hearing, and denied post-conviction relief on June 5, 2017. (Filing no. 6-15 at CM/ECF pp. 16-21.) The court ruled:

> Here, the defendant's claims and assignments of error have previously been raised on appeal. *He has not produced any evidence to establish that his counsel was defective or that he was prejudiced by his counsel's actions or inactions.* Even if the defendant's claims were not procedurally barred, he has not asserted any sufficient factual allegations which constitute an infringement of his rights under the Nebraska or United States Constitution. *Because he is both procedurally barred, and his motions allege only conclusions of fact or law, he is entitled to no relief.*

*Id.* at p. 19. (Italics added.)

8. The Nebraska Court of Appeals summarily affirmed the denial of post-conviction relief on November 21, 2018. (Filing no. 6-12 at CM/ECF p. 2.) It ruled that:

> Motion of appellee for summary affirmance sustained; judgment affirmed. *See Neb. Ct. R. App. P.* § 2-107(B)(2). Appellant's claims were either procedurally barred, had already been raised and resolved on direct appeal, or his petition contained insufficient factual allegations of an infringement of his constitutional rights. Also, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *See State v. Thompson*, 278 Neb. 320 (2009); *State v. Henry*, 292 Neb. 834 (2016).

*Id.*

9. Yanga filed a petition for further review, which was denied by the Nebraska Supreme Court on December 19, 2018. (Filing no. 6-12 at CM/ECF p. 2.) The mandate issued on January 3, 2018. (*Id.*)

10. Yanga filed his first federal habeas petition on February 26, 2018. (Filing no. 1.)

*Facts*

The facts that supported the conviction in this matter were briefly summarized by the Court of Appeals when denying relief on the direct appeal. The court stated:

> Mazaher Bakry testified that she was in an intimate relationship with Yanga beginning in 2011 until sometime in 2014. Bakry testified that one morning in March 2014, she was sleeping on the couch in her residence when Yanga returned home at approximately 7 a.m. An argument ensued, and when Bakry attempted to leave the residence, Yanga grabbed her and began hitting her, causing injury to her neck and

5

shoulders. Bakry contacted the police and upon their arrival, they interviewed Yanga and photographed Bakry's injuries.

The officers who responded to Bakry's phone call testified that Yanga was not under arrest during their initial interview with him at the residence and that he spoke freely, voluntarily and knowingly. The officers did not believe Yanga appeared intoxicated during the interview. Yanga told officers that he had put his hands on Bakry's shoulders to keep her from leaving the apartment, but that he had not caused her injuries. After speaking with Bakry and Yanga, the officers took Yanga into custody. After Yanga was transported to jail, he was *Mirandized* and waived his *Miranda* rights.[3]

At trial, Yanga' s attorney indicated that Yanga wished to testify. The county court informed Yanga of his privilege against self-incrimination. The court also advised Yanga that testifying was a right that he had, but that he would be subject to cross- examination and that his testimony could be used against him. After being so advised by the county court, Yanga consulted with his attorney and ultimately chose not to testify.

The county court found Yanga guilty of third degree domestic assault. Yanga subsequently filed a motion to withdraw his rest, a copy of which is not included in our record. The county court entertained the motion prior to sentencing. Yanga's attorney argued that Yanga had misunderstood his appeal rights and that Yanga should be allowed to withdraw his rest and testify on his own behalf. The county court overruled the motion and sentenced Yanga to 60 days in county jail.

(Filing no. 6-2 at CM/ECF pp. 1-3)

---

[3] He essentially repeated to the police what he had told them during his non-custodial interview.

6

*Law*

There are two strands of law that are applicable here, and they are (1) exhaustion and procedural default and (2) deference. I elaborate upon those concepts next.

***Exhaustion and Procedural Default***

As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any

7

constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A state prisoner must therefore present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

"In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation marks omitted). Although the language need not be identical, "[p]resenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999). In contrast, "[a] claim has been fairly presented when a petitioner has properly raised the 'same factual grounds and legal theories' in the state courts which he is attempting to raise in his federal habeas petition." *Wemark v. Iowa*, 322 F.3d 1018, 1021 (8th Cir. 2003) (citation omitted).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate

8

cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

To be precise, a federal habeas court may not review a state prisoner's federal claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### *Nebraska Law Relevant to Procedural Default*

Under Nebraska law, you don't get two bites of the post-conviction apple; that is, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). *See also State v. Thorpe*, 858 N.W.2d 880, 887 (Neb. 2015)

On appeal, the appealing party must both assign the specific error and specifically argue that error in the brief. Otherwise the claim is defaulted under Nebraska law. *State v. Henry*, 875 N.W.2d 374, 407 (Neb. 2016) (stating an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court).

### *Deference Under 28 U.S.C. § 2254(d)*

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law

9

and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.*

However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard

10

to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. Accordingly, the postconviction trial court's discussion of counsel's performance—combined with its express determination that the ineffective-assistance claim as a whole lacked merit—plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted).

The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.*

*Analysis*

I agree with Respondents that all four claims are procedurally defaulted and that no excuse has been presented that would allow me to ignore these defaults. However, my analysis is somewhat more intricate. There are various reasons for the defaults and various reasons why the defaults cannot be excused. Moreover, as to the one issue that was resolved on the merits, but may not be a part of the claims asserted by Petitioner here, the deference owed the Nebraska Court of Appeals trumps that

one complaint assuming for the sake of argument that it is fairly raised in this court and not procedurally defaulted.

On direct appeal, Petitioner largely failed to abide by Nebraska law regarding perfecting a direct appeal from the county court to the district court and then to the Court of Appeals. Only one argument was properly presented to the Nebraska Supreme Court during the direct appeal, and that argument dealt with the county judge's refusal to allow Yanga to withdraw his rest. Therefore, Nebraska has been denied "one complete round" of direct appellate review for all other issues raised by Yanga.

The pro se post-conviction action was a rehash of the direct appeal issues and, importantly, Yanga asserted only conclusions of law and fact that were insufficient to make out a Constitutional violation. Thus, any attack on his appellate counsel for his failure to attack trial counsel was defaulted in the post-conviction litigation. If trial counsel performed adequately or Petitioner suffered no prejudice, then appellate counsel could not be ineffective for failure to press those claims properly. As to other issues, under Nebraska law, a post-conviction action cannot substitute for a direct appeal where, as here, Yanga had separate appellate counsel and where, as here, the issues were known at the time of the direct appeal.

In short, Petitioner now has no available remedy in the Nebraska courts that would allow him to cure these defaults. His claims are procedurally defaulted as a result.

If it could be argued that the defaults that occurred during the direct appeal were the fault of separate appellate counsel and such errors constituted "cause" to excuse the procedural default notwithstanding the adverse post-conviction ruling, Petitioner would still have to show "prejudice" assuming the cause and prejudice standard was applied. "To demonstrate procedural bar prejudice, [Petitioner] 'must shoulder the burden of showing, not merely that the errors at his trial created a

possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Armstrong v. Kemna*, 590 F.3d 592, 606 (8th Cir. 2010) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).[4] Yanga has not come close to doing so.

For example, both the post-conviction district court judge and the Court of Appeals that summarily affirmed the denial of post-conviction relief considered essentially the same issues presented to the Court of Appeals on direct appeal and found that Yanga had asserted insufficient allegations of fact and law in the post-conviction action regarding the actions of trial counsel. In short, Yanga has shown no prejudice for the alleged errors of his appellate counsel for failing to adequately attack trial counsel.

Additionally, there is no reason to believe Petitioner is actually (meaning factually) innocent or that some miscarriage of justice took place. I have examined the trial transcript. The evidence was sufficient to convict the Petitioner beyond a reasonable doubt. Moreover, Yanga's assertion that his victim injured herself after he admittedly grabbed her and restrained her from leaving the home is preposterous.[5] There is simply no basis to conclude that he is factually innocent.

I specifically pause to address the only issue that was resolved by the Court of Appeals on the merits and the only issue presented to the Nebraska Supreme Court

---

[4] The same would be true under a straightforward application of the "prejudice prong" of the *Strickland* standard. Yanga could "only prevail on appeal if he convinces us there is a reasonable probability that, but for his appellate counsel's failure . . . , he would have prevailed before the" state appellate courts. *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005).

[5] According to Yanga, after he grabbed her, the victim supposedly placed lotion on her neck and rubbed her shirt collar against the lotion thus causing the abrasion that was photographed by the police.

13

on direct appeal. That issue was the county court's refusal to allow Petitioner to withdraw his rest and testify. While I wonder whether this issue is fairly covered by any of the claims in this federal case, there is, in any event, nothing about that decision that entitles Petitioner to relief.

On direct appeal, the Court of Appeals held that the county court did not abuse its discretion in refusing Petitioner's motion to withdraw his rest in order to testify. The Court Appeals found that the motion to withdraw Yanga's rest was made *after* he was found guilty. The Court of Appeals summarized its analysis this way:

> Based upon our review of the record, we conclude that the county court acted within its discretion to deny this motion, particularly given the late stage at which it was filed, the strategic calculation that a criminal defendant must make in determining whether to testify, the ability of Yanga to have testified at trial, the court affirmatively advising of Yanga of his right to testify, and the potential for unfair advantage if a defendant were allowed to wait until after a conviction to decide whether to waive his right against self-incrimination. Because we find no abuse of discretion by the county court, this assignment of error is without merit.

(Filing no. 6-2 at CM/ECF p. 8.)

To the degree that a federal question is presented because Yanga was belatedly asserting his Constitutional right to testify and to the degree that this issue may properly be considered as part of one or more of the claims asserted by Petitioner in this case, the federal law is plainly against Petitioner and he loses on the merits. *See*, *e.g.*, *United States v. Martinez*, 872 F.3d 293, 298-301 (5th Cir. 2017) (affirming the denial of defendant's request to withdraw his rest in order to testify, observing that the reopening of a criminal case after the close of evidence lies within the sound discretion of the trial court). Inasmuch as Yanga did not move to withdraw his rest until *after* he had been found guilty, it would be impossible for me to conclude that the state court acted contrary to clearly established federal law.

## *No Certificate of Appealability*

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the habeas corpus petition (filing no. 4) is denied and dismissed with prejudice. No certificate of appealability has been or will be issued. Judgment will be issued by separate document.

DATED this 10th day of July, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge